UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| JOHN RODRIQUES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-11749-LTS |
| | ) | |
| PAUL BAKER, WILLIAM DONNELLY, | ) | |
| and MASSACHUSETTS STATE POLICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM AND ORDER ON DEFENDANT BAKER'S
MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS

June 3, 2014

SOROKIN, C.M.J.

Plaintiff, John Rodriques, brought his civil action in the Bristol County Superior Court, alleging violations of 42 U.S.C. § 1983. Defendant, Trooper Paul Baker, was sued both in his official and his individual capacity. Docket #5-2 ¶ 6. Baker subsequently removed to this Court with respect to defendant Donnelly and himself, invoking Eleventh Amendment grounds for leaving the action against the Massachusetts State Police in state court. Docket #5-4 ¶ 9. Thus, this Court construes the removal as to Baker to encompass only Baker in his individual capacity. Baker now seeks dismissal for insufficiency of service of process.

Rodriques filed his complaint ("Complaint") in state court on January 8, 2014, alleging violations of his constitutional rights occurring on January 13, 2011.[1] Docket #5-1. On

---

[1] A three-year statute of limitations applies. Ball v. Carroll, 932 F. Supp. 388, 389-90 (D. Mass. 1996), aff'd, 107 F.3d 1 (1st Cir. 1997).

January 24, 2014, he filed an amended complaint ("Amended Complaint"). Docket #5-2. On April 4, 2014, proof of service of process was entered into the state docket, wherein a Plymouth County Deputy Sheriff certified that on April 3, 2014, he served Baker by delivering in hand the Summons, Amended Complaint, Complaint, Tracking Order, and Civil Action Cover Sheet to "Trooper Matt Thielker, agent, person in charge at the time of service for Paul Baker," at the Massachusetts State Police Barracks in Middleboro, MA. Docket #5-3 at 3-4. Baker attests that he has not worked at that location for over five years and that he has never appointed Trooper Thielker, or anyone else, as his agent for service of process. Docket #7-1 ("Baker Affidavit") ¶¶ 5, 6.

Counsel for Baker ("Attorney Rogal") attests that on April 5, 2014, Attorney Rogal received an overnight delivery package from Plaintiff's attorney containing a copy of Plaintiff's Complaint, Amended Complaint, and Tracking Order. Docket #7-2 ("Rogal Affidavit") ¶ 6. Upon receipt, Attorney Rogal conferred with his client. Rogal Affidavit ¶ 7. He had not, however, agreed to accept service for Baker. Id. Baker attests that he, personally, never received any of the documents that were delivered to Trooper Thielker, and that he was not otherwise served. Baker Affidavit ¶ 4; Rogal Affidavit ¶ 7.

On April 9, 2014, one day after the state deadline for service of process expired, Mass. R. Civ. P. 4(j), Baker removed to this Court.[2] Docket #1. He subsequently filed the state court record, pursuant to D. Mass. L.R. 81.1, on April 28, 2014. Docket #5. On May 7, 2014, Baker filed his motion to dismiss for insufficiency of service of process. Docket #6.

---

[2] Baker asserts he made no appearance in state court as of the date of removal. Docket #1 ¶ 4; Docket #1-3.

The Federal Rules of Civil Procedure provide that serving an individual may be accomplished by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).[3] Where the plaintiff shows good cause for failure to serve within one hundred and twenty days after the complaint is filed, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Rodriques concedes that delivering documents in hand to Trooper Thielker at the Middleboro State Police Barracks did not accomplish effective service on Baker under the rule. Rodriques has, however, shown good cause for an extension under the rule. He made several attempts to identify the proper location at which to serve Baker, Docket #11-1, he relied on the certification filed by the process server, and he gave actual notice to Baker's attorney on two

---

[3] For the purposes of Fed. R. Civ. P. 4(e)(1), the Massachusetts rule allows for service as follows:
> (1) Upon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given. If the person authorized to serve process makes return that after diligent search he can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.

Mass. R. Civ. P. 4(d)(1).

occasions.[4] See Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993). The Court perceives no prejudice to Baker by the defective service, and Baker claims none.

"[T]he root purpose underlying service of process is to ensure that a defendant receives fair notice of the suit and adequate opportunity to protect [his] interests." Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995). Here, Baker had timely actual notice of the lawsuit. Furthermore, the statute of limitations applicable to Rodriques's § 1983 claim against Baker has run. Ball, 932 F. Supp. at 389-90. Thus, dismissal would severely prejudice Rodriques. See Benjamin, 999 F.2d at 592. Absent a showing of prejudice to Baker the service defect here does not require dismissal. Libertad, 53 F.3d at 440-41.

I. CONCLUSION

For the foregoing reasons, Defendant Baker's Motion to Dismiss for Insufficiency of Service of Process (Docket #6) is DENIED. Plaintiff shall have forty-five days from the date of this Order to serve properly, Defendant Baker. If Plaintiff fails to serve Baker within the forty-five days, Baker shall be free to re-file his Motion to Dismiss.

   /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[4] On January 14, 2014, Attorney Rogal deposed Rodriques in a related case. Rogal Affidavit ¶ 1, 2. Rodriques's attorney was present and advised Attorney Rogal that the instant action had just been filed in the Bristol County Superior Court. Id. ¶ 4. The second occasion for notice was on April 5, 2014, when Attorney Rogal received the package of documents from Rodriques's attorney.